948 A.2d 1269

IN THE MATTER OF CARY B. HALL, AN ATTORNEY AT LAW.

June 13, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–246, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(4)(E), **CARY B. HALL** of **SOUDERTON, PENNSYLVANIA,** who was admitted to the bar of this State in 2000, should be suspended from the practice of law for a period of three months based on discipline imposed in the Commonwealth of Pennsylvania for conduct that in New Jersey violates *RPC* 1.3 (lack of diligence), *RPC* 3.1 (filing frivolous claim) *RPC* 3.3(a)(1) (making false statement of material fact or law to tribunal), *RPC* 3.3(a)(4)(knowingly offering false evidence), *RPC* 3.4(b) (falsifying evidence), *RPC* 4.1(a) (making false statements to third person in the course of representation), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined that an eighteen-month suspension retroactive to the date of respondent's suspension in Pennsylvania is the appropriate quantum of discipline for respondent's unethical conduct, and that respondent should not be reinstated to practice in New Jersey until he is reinstated to practice in Pennsylvania;

And good cause appearing;

It is ORDERED that **CARY B. HALL** is suspended from the practice of law for a period of eighteen months retroactive to January 13, 2007, and until the further Order of the Court; and it is further

ORDERED that respondent shall not be reinstated to the practice of law in New Jersey until he is reinstated to practice in Pennsylvania; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17. .